IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:CR-00-00080-02 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| ERIC PRESTON | : | (Electronically Filed) |

### EMERGENCY MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c) AND REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF

AND NOW comes Eric Preston, by his attorney, Heidi R. Freese, of the Federal Public Defender's Office, and files this Emergency Motion for Relief Under 18 U.S.C. § 3582(c), and in support thereof, avers as follows:

1. On March 15, 2000, a one-count Indictment was filed charging Eric Preston and others with possession with intent to distribute in excess of five grams of cocaine base a/k/a "crack" on or about June 6 through June 8, 1999, in violation of 21 U.S.C. § 841(a)(1).

2. On July 27, 2000, Mr. Preston pled guilty to the Indictment.

3. The Court ordered the preparation of a presentence report.

4. The sentencing guidelines effective November 1, 1998, were used to calculate Mr. Preston's sentencing guideline range.

5.	The presentence report provides that Eric Preston was accountable for at least 20 grams but less than 35 grams of crack cocaine.

6.	The Probation office conducted two guideline calculations: Mr. Preston's guideline range pursuant to the Drug Quantity Table at USSG § 2D1.1; and Mr. Preston's guideline range pursuant to the Career Offender enhancement at USSG § 4B1.1.

7.	Pursuant to the Drug Quantity Table at USSG § 2D1.1, a base offense level of 28, reduced by three levels for acceptance of responsibility, resulted in a total offense level of 25, and a guideline range of 110-137 months. (See PSR, ¶ 18).

8.	The guideline calculation pursuant to the career offender enhancement at USSG § 4B1.1, resulted in an offense level of 34. A base offense level of 34 reduced by three levels for acceptance of responsibility, resulted in a total offense level of 31, and a guideline range of 188-235 months.

9.	Pursuant to USSG § 4B1.1(b), because the offense level for a career offender in this case was greater than the offense level otherwise applicable, probation applied the career offender level of 31, yielding a guideline range of 188-235 months.

10.	On November 7, 2000, Eric Preston appeared before this Honorable Court for sentencing.

11. This Court found that a downward departure pursuant to USSG § 5K2.0 was warranted because the career offender provisions overstated the seriousness of Mr. Preston's criminal history.

12. The Court departed from the career offender guideline when it sentenced Mr. Preston to a term of imprisonment of 137 months.

13. Mr. Preston's total offense level, excluding the career offender enhancement, was 25. (See PSR, ¶ 18)

14. A total offense level of 25, with a criminal history category of VI, resulted in a guideline range of 110-137.

15. This Honorable Court, pursuant to USSG § 5K2.0, granted a downward departure and imposed a sentence of 137 months, a sentence which was also at the top of the USSG § 2D1.1 guideline range.

16. Mr. Preston is serving this sentence at FCI Coleman (Medium).

17. On November 1, 2007, the United States Sentencing Commission amended the Drug Quantity Table resulting in a two level reduction in offense level for an offense involving at least 20 grams but less than 35grams of cocaine base.

18. On December 12, 2007, the United States Sentencing Commission announced its decision to apply the amendments to the crack guidelines retroactively effective March 3, 2008 and listed Amendment 706 in the new U.S.S.G. § 1B1.10(c).

19. Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . ."

20. Under the retroactive application of the amendment to the sentencing guidelines, Mr. Preston's new base offense pursuant to USSG § 2D1.1 is 26, and, with a three-level reduction for the acceptance of responsibility, results in a total offense level of 23.

21. An offense level of 23 and a criminal history category of VI results in an amended advisory guideline imprisonment range of 92 to 115 months.

22. Mr. Preston's projected release date is June 22, 2009.

23. Because Mr. Preston's initial sentence of 137 months, a departure from the career offender guideline, was at the top of the drug guideline range, Mr. Preston respectfully requests that this Honorable Court impose a comparable sentence at

the top of the new advisory guideline range in accordance with 18 U.S.C. § 3582(c)(2) and USSG § 1B1.1, which will result in a time served sentence.[1]

24. On May 13, 2008, the government filed a response to Mr. Preston's *pro se* motion arguing that this Honorable Court should deny Mr. Preston relief because he is a career offender and he is not entitled to consideration of a lower sentence pursuant to 18 U.S.C. § 3582(c)(2).

25. The question of whether a "straight" career offender, sentenced pursuant to USSG § 4B1.1, is entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) is not a question in this case.

26. This Honorable Court found that the career offender enhancement overstated Mr. Preston's criminal history and therefore did not apply it when sentencing Mr. Preston to a sentence of 137 months, a sentence at the top of the applicable drug guideline range. USSG § 2D1.1.

---

[1] It should also be noted that a conviction for 21 U.S.C. § 841(a)(1) requires a statutory mandatory minimum sentence of five years. Mr. Preston's time already served is in excess of the statutory mandatory minimum sentence required by law, therefore a time served sentence has no impact on the five year mandatory sentence.

27.  Based upon this Honorable Court's finding that the career offender enhancement overstated Mr. Preston's criminal history, Mr. Preston respectfully submits that he is eligible for the same comparable reduction for which every other crack offender is eligible.

28.  Mr. Preston respectfully requests this Honorable Court to exercise its discretion and impose a time served sentence.

WHEREFORE, it is respectfully requested that this Honorable Court grant the foregoing Emergency Motion for Relief Under 18 U.S.C. § 3582(c).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: May 23, 2008 | /s/ Heidi R. Freese |
|  | HEIDI R. FREESE, ESQUIRE |
|  | Federal Public Defender |
|  | Attorney ID #PA87668 |
|  | 100 Chestnut Street, Suite 306 |
|  | Harrisburg, PA 17101 |
|  | Tel. No. (717) 782-2237 |
|  | Fax No. (717) 782-3881 |
|  | *(heidi_freese@fd.org)* |
|  | *Attorney for Eric Preston* |

# CERTIFICATE OF SERVICE

I, Heidi R. Freese of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **EMERGENCY MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)(2)**, via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:



MARTIN C. CARLSON, ESQUIRE
United States Attorney's Office

ERIC PFISTERER
United States Attorney's Office

DREW THOMPSON
United States Probation Office

ERIC PRESTON

Date: May 23, 2008

/s/ Heidi R. Freese
HEIDI R. FREESE, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA87668
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
<heidi_freese@fd.org>
*Attorney for Eric Preston*